ALEXANDER SNOWMAN, *in Eq.*, *versus* JACKSON HARFORD.

A court of equity discriminates between those terms which are formal and those which are of the substance and essence of a written contract for the conveyance of land.

Where, from conversations between the parties thereto, had a short time before the final payment was to be made, it is apparent that neither of them expected or required a strict performance as to time, a court of equity will decree a conveyance, provided the party seeking it has always been ready to pay according to the terms of the agreement, and the time was suffered to pass, by his being led to believe, by the conduct of the other party, that no advantage would be taken of such non-payment.

BILL IN EQUITY, heard on bill, answer and proof.

The prayer of the bill was for a decree of conveyance in fee, free from all incumbrances, for process to enforce the same, and for injunction against other conveyance and incumbrance during the pendency of the bill.

The facts sufficiently appear in the opinion.

*Gilbert*, for the complainant.

*Tallman & Larrabee*, for the respondent.

APPLETON, C. J.— On 14th March, 1866, the plaintiff entered into a written contract with the defendant for the purchase of the premises described in the plaintiff's bill, for the price of two hundred dollars, of which sum one hundred dollars was paid at the time. The plaintiff, at the same time, gave his note for the balance, payable in a year and interest. The defendant agreed to prepare the deed on or before the 14th March, 1867. In the agreement, which was signed by both parties, were the following words : —
" It is hereby declared and agreed, by and between the parties hereto, that no deed or conveyance is to be required of or executed by the said Jackson Harford until the said Alexander Snowman fully and completely complies with all and singular his covenants and promises touching and concerning the payment of the said several sums of money."

The plaintiff immediately entered into possession of the

land thus agreed to be conveyed, cut wood therefrom and paid the taxes assessed thereon.

About the first of February, 1867, the parties met and had a conversation in regard to the note then about maturing. The plaintiff told the defendant he should meet the note when it became due. The defendant said he was going east in the month of March. The plaintiff inquired how it would be about fixing up for the land, to which the defendant replied, that it would make no difference, he should come back and settle up his business before he moved down for good. From the conversation it is apparent that neither party expected or required a strict performance of the contract.

On the 15th March following, the plaintiff sent word to the defendant, by his son, that he had the money ready for him and requested him " to come and fix up about that land," &c. The parties, it seems, were near neighbors.

The defendant admits the meeting of the parties in February, and does not deny the statements of the plaintiff. He says he then suggested that he might indorse the note, to which the plaintiff made no objections.

The defendant further testifies that he met the plaintiff about the 10th March, " when he asked me respecting doing up the business concerning the land. I asked him where he chose to have the business done. He said at Todd's. I told him that I would meet him at Todd's at a certain evening. I went to Todd's on that evening. Todd told me Snowman had been there. Finding him gone, I made an appointment to meet him at another time, and requested Todd to notify him."

The parties met at Todd's on 28th March. The plaintiff was ready to pay the note. The defendant refused to receive pay or to give a deed, on the ground that the plaintiff had forfeited his obligation. On the next day, the plaintiff made a more formal tender of the money due and demanded his deed, which being refused, he forthwith commenced this bill.

Snowman *v.* Harford.

At law, the plaintiff must show that all those things which are on his part to be performed, have been performed within the time specified in the contract. At law, time is of the essence of the contract. But in equity it is different. A court of equity discriminates between those terms of a contract which are formal and those which are of the substance and essence of the agreement. It holds time to be *prima facie* non-essential, and grants specific performance of contracts after the time for their performance has been suffered to pass, by the party asking for the intervention of the Court.

The evidence shows clearly that the parties did not require a strict performance of the contract. If time were of the essence, the defendant has waived a strict compliance.

The plaintiff has at all times been ready and willing to perform on his part. If the money was not paid at the day of the maturity of the note, it was because the plaintiff was led to believe, by the conduct of the defendant, that no advantage would be taken of such non-payment.

A compensation in damages, for the breach of an agreement to convey real estate, is not regarded as adequate relief, but a court of equity will decree a specific performance. *Foss* v. *Haynes*, 31 Maine, 81; *Jones* v. *Robbins*, 29 Maine, 351. Nor does the Court regard time as of the essence of the contract. *Hull* v. *Noble*, 40 Maine, 459; *Rogers* v. *Saunders*, 16 Maine, 92. Where a day for payment was inserted in the contract, it was held not to be thereby rendered essential. *Hearne* v. *Tenant*, 13 Ves., 287. Where a day was specified for the delivery of the abstract, it was equally non-essential, although the purchaser, upon its expiration, refused to proceed. *Roberts* v. *Berry*, 16 Beavan, 31.

The plaintiff is entitled to a conveyance according to the prayer of his bill.

*The plaintiff entitled to decree according to the prayer of his bill—with costs.*

CUTTING and DANFORTH, JJ., concurred.

WALTON, J.—I concur in the result, and will add, that it seems to me that where, as in this case, a *negotiable note* is given for the price of the land, which may not be in the hands of the payee when the time of payment arrives, the note should be presented for payment before a forfeiture is claimed.

DICKERSON and TAPLEY, JJ., concurred.